UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORI ROBINSON, et al., | ) | CASE NO. 4:17CV1566 |
| Plaintiffs | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| TARGET CORPORATION, et al., | ) | MEMORANDUM OPINION & ORDER |
| Defendants. | ) | |

The above case is before the Court on Defendant Target Corporation's ("Defendant Target") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF Dkt. #55. Defendant Target moves the Court to grant summary judgment in its favor as to count three of the first amended complaint filed by Plaintiffs Lori and Robert Robinson ("Plaintiffs"). *Id.* For the following reasons, the Court GRANTS Defendant Target's motion for summary judgment as to Plaintiffs' third count of the first amended complaint and DISMISSES this count WITH PREJUDICE. *Id.*

I.  **FACTS AND PROCEDURAL HISTORY**

On June 26, 2017, Plaintiffs filed a complaint in the Trumbull County Court of Common Pleas averring that on or about December 17, 2016, Plaintiff Lori Robinson was a customer and business invitee of Defendant Target when she was struck on the head by merchandise while she was shopping. ECF Dkt. #1-1 at 1-2[1]. Plaintiffs further averred that Defendant Target had a duty to keep the premises in a reasonably safe condition and/or to inspect the premises for unsafe conditions to which business invitees would be exposed and/or to warn business invitees of dangerous conditions on the premises. *Id.* Plaintiffs further alleged that Defendant Target was

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

1

negligent by creating an unreasonable hazard in allowing the item that struck Plaintiff Lori Robinson to be placed or to remain in an unsafe position on the merchandise shelf and failed to protect her from being exposed to the unduly dangerous condition and/or warning of the presence of the unduly dangerous condition. *Id.* at 2.

Plaintiffs further averred that at all relevant times, Defendant Target knew or should have known of the dangerous condition and negligently failed to either properly inspect its premises, and/or maintain its premises in a safe condition. ECF Dkt. #1-1 at 2. Plaintiffs alleged that Defendant Target failed to take steps to warn patrons and business invitees, specifically Plaintiff Lori Robinson, of the dangerous condition which it either created or knew or should have known existed. *Id.* at 3. Plaintiffs continued that Plaintiff Lori Robinson suffered a serious injury and incurred substantial medical care and treatment as a proximate cause of Defendant Target's negligence and Plaintiff Robert Robinson, her husband, suffered a loss of consortium due to the negligence of Defendant Target. *Id*.

Plaintiffs' complaint was removed to this Court on July 27, 2017 and Defendant Target answered the complaint on August 16, 2017. ECF Dkt. #6. On October 31, 2017, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #s 13, 14.

On February 13, 2019, Plaintiffs filed a motion for leave to file an amended complaint in order to add a claim for the spoliation of evidence by Defendant Target and a motion for an Order granting an adverse inference instruction. ECF Dkt. #47. Defendant Target filed an opposition brief to the motion. ECF Dkt. #49. On March 11, 2019, the Court granted Plaintiffs' motion for leave to file the amended complaint, but denied the motion for an order granting an adverse inference instruction without prejudice. ECF Dkt. #52.

On March 12, 2019, Plaintiffs filed the amended complaint, which added a spoliation claim alleging that Defendant Target disrupted and damaged Plaintiffs' case by willfully altering, losing, and/or destroying evidence while its employees, agents, and/or operatives were

2

aware of pending or probable litigation involving Plaintiffs. ECF Dkt. #53 at 3-4. On March 22, 2019, Defendant Target filed an answer to the first amended complaint. ECF Dkt. #54.

On April 15, 2019, Defendant Target filed the instant motion for summary judgment on Plaintiffs' spoliation claim, asserting that no genuine issues of material fact remain and reasonable minds could only find in favor of Defendant Target on the claim. ECF Dkt. #55. On May 7, 2019, Plaintiffs filed a brief in opposition to the motion for summary judgment. ECF Dkt. #59. On May 20, 2019, Defendant Target filed a reply brief. ECF Dkt. #62.

## II. STANDARD OF REVIEW FOR MOTION FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Fed. R. Civ. P. 56, Advisory Committee Notes ("The standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, although the Court may consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

The party moving for summary judgment has the burden of showing there exists no

genuine issue of material fact. *Matsushita Elec. Indus. Co..,* 475 U.S. at 587. If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed.R.Civ.P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex,* 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court may grant summary judgment "if the motion and supporting materials – including the facts considered undisputed– show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

### III. LAW AND ANALYSIS

In its motion for summary judgment, Defendant Target asserts that no genuine issues of material fact are in dispute as to Plaintiffs' Count III spoliation claim because Plaintiffs cannot establish three of the five elements necessary for such a claim under Ohio law: willful destruction of evidence, disruption of Plaintiffs' case, or damages caused by Defendant Target's alleged act. ECF Dkt. #55 at 6-10. Plaintiffs contend that genuine issues of material fact exist as to the three elements challenged by Defendant Target. ECF Dkt. #59.

Both parties agree that Ohio tort law governs the claim of spoliation of evidence. ECF Dkt. #55 at 5-10; ECF Dkt. #59 at 10-16. Ohio is one of "only a handful of jurisdictions that recognize the independent tort of intentional spoliation of evidence." *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 110 N.E.3d 1231 (2018). Under Ohio law, a plaintiff must prove the following five elements in order to establish intentional spoliation of evidence: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co., Inc*., 67 Ohi St.3d 28, 29, 615 N.E.2d 1037 (1993).

The facts relevant to the instant motion and Plaintiffs' spoliation claim are that Plaintiff Lori Robinson was shopping at Defendant Target's store in Niles, Ohio on December 17, 2016

4

when she bent over to look at merchandise on a lower shelf and a 10-pound dumbbell fell from an upper shelf and struck her in the left side of her head. ECF Dkt. #59 at 2. Plaintiffs indicate in their opposition brief to the motion for summary judgment that they sought legal assistance and her counsel sent a letter to Defendant Target's claim representative on April 4, 2017 specifically requesting that Defendant Target retain all documentation relating to the incident, including pictures and video, and more specifically, "any and all footage that was captured by way of loss prevention or security cameras on both the day of the incident and the day before." *Id*. Plaintiffs assert that Defendant Target's claim representative responded three days later indicating that it was investigating the incident and was seeking additional information from counsel about the theory of liability. *Id*. Plaintiffs continue that their counsel indicated in response that same day the importance of the video and suggested that production pre-suit may be beneficial to both sides. *Id*. Upon hearing no response from Defendant Target, Plaintiffs indicated that their counsel wrote Defendant Target's claim representative again, continuing to request the video. *Id*. at 3.

Plaintiffs further assert that Defendant Target did not provide the video pre-suit and after they filed their complaint, Defendant Target produced a "heavily truncated portion of the day's video that captured only twenty minutes before and twenty minutes after Robinson's injury. ECF Dkt. #59 at 3. Plaintiffs continue that after removal of their case to this Court, they requested the entire relevant portion of the video in discovery and had to file a motion to compel Defendant Target to produce the video they had asked Defendant Target to preserve, including the entire day of the incident and the day prior to the incident. *Id*. Plaintiffs had explained in their request for production of documents concerning the video that "[i]n the recent supplemental production, there is an indication that aisles must be 'zoned' at least twice each day, once at 2:00 p.m. and again at approximately 7:00 p.m. Two days of video will reveal if, and when, that particular aisle was 'zoned.' The video will also tell us all when the dumbbell in question was placed in the spot from which it fell. Target must be made to turn over the video." *Id*.

Plaintiffs further indicate that Defendant Target responded to the production request and motion to compel by stating that it did not have any additional video of the store or of the

5

incident that would have been saved. ECF Dkt. #59 at 3-4. Plaintiffs submit that it was only upon taking additional depositions that they learned that Defendant Target employees had reviewed hours of the additional video, including when and how the dumbbell was picked up and put back on the upper shelf, and they failed to preserve the entire video despite understanding its importance. *Id*. at 4.

Plaintiffs cite to the deposition testimony of Defendant Target employees who testified that they reviewed the entire video which showed a boy take the dumbbell off of the shelf an hour or two before the incident, pretend he was working out with it, and then he incorrectly placed the dumbbell back onto the shelf. ECF Dkt. #59 at 5-9. Plaintiffs specifically cite to the testimony of Ms. Brown, a Target Protection Specialist at the time of the incident, who testified that she accessed the video system and bookmarked the video of the incident so she could easily find it later and she then later accessed it again to "burn the video" for her manager, Ms. Serensky. *Id*. at 6. Plaintiffs indicate that Ms. Brown testified that she reviewed enough of the video before burning it in order to see how the dumbbell ended up where it did before it fell on Plaintiff Lori Robinson. *Id.* Plaintiffs further submit that Ms. Brown testified that it was important to see how the dumbbell ended up where it did before it fell on Plaintiff Lori Robinson. *Id*. at 6-7. Plaintiffs further cite to Ms. Brown's testimony that she bookmarked the shorter version of the video because "accurate and complete information was essential to Target's defense." *Id.* at 7. Ms. Brown further testified that she understood that Plaintiff Lori Robinson might ultimately sue Defendant Target and she believed that it was important to know when the last Target employee "zoned" the aisle to determine whether it was before or after the dumbbell was moved and then returned to the shelf. *Id*.

Plaintiffs also cite to the deposition testimony of Ms. Serensky, Ms. Brown's boss and Executive Team Leader Asset Protection for Defendant Target at the time. ECF Dkt. #59 at 8. Plaintiffs submit that Ms. Serensky testified that: one of the reasons that information is collected is because there may ultimately be a liability claim; collection of video is information that is part of the collection; and Target guests may have years to pursue a liability claim. *Id*. Plaintiffs further cite to Ms. Serensky's testimony that: she reviewed the entire video; it was important to

6

understand what happened as to why the dumbbell was where it was found when it fell; had they saved the entire video, everyone would know what happened and when; and everyone would know if or when any Defendant Target employees "zoned" the aisle, which was important to Plaintiff Lori Robinson's claim. *Id.* Plaintiffs also cite Ms. Serensky's testimony that had the complete video been saved, it would help Plaintiffs know whether or not a team member knew or should have known that the dumbbell was incorrectly shelved and whether the dumbbell was in the proper place even before the boy picked it up. *Id.* at 8-9.

Defendant Target moves for summary judgment on Plaintiffs' spoliation claim, first asserting that Plaintiffs cannot establish that Defendant Target destroyed the video footage willfully as required by Ohio law because they cannot show the existence of a material fact that its employees destroyed the portion of the video footage of the boy with the dumbbell with an intent to deprive Plaintiffs of the footage. ECF Dkt. #55 at 6-8. Plaintiffs admit that they do not have direct evidence of Defendant Target's willfulness in destroying the evidence, such as an admission by an employee of Defendant Target that they destroyed footage in order to avoid liability. ECF Dkt. #59 at 11. However, they assert that sufficient circumstantial evidence exists upon which reasonable minds could infer the intent of the spoliator in destroying the evidence because Defendant Target's employees knew of the potential for litigation and the importance of the complete video footage surrounding the incident, but they chose to destroy rather than preserve the footage in its entirety after viewing it. *Id.*, citing *Cincinnati Ins. Co. v. Gen. Motors Corp.*, No. 94OT017, 1994 WL 590566 (Ohio App. Ct. Oct. 28, 1994), unpublished. Plaintiffs cite to the above deposition testimony in which Defendant Target employees indicated that although they reviewed the footage of the entire incident that was caught on camera, they bookmarked and then burned only 20 minutes before and after the incident onto a videotape in accordance with the policy of Defendant Target and the rest of the footage was overwritten automatically by the camera. *Id.*

"In a spoliation case, 'willful' reflects an intentional and wrongful commission of the act." *Miller v. Target Corp.*, No. 3:13-cv-216, 2014 WL 5531654, at *3 (S.D. Ohio Nov. 3, 2014), quoting *White v. Ford Motor Co.*, 142 Ohio App.3d 384, 755 N.E.2d 954 (Ohio App.

7

2001). "Ohio does not recognize a cause of action for negligent spoliation of evidence." *Miller*, 2014 WL 5531654, at *3, quoting *Marok v. Ohio State Univ.*, No. 13-ap-12, 2014 WL 1347535m at *8 (Ohio App. March 25, 2014). Accordingly, in order to survive a motion for summary judgment on the issue of "willful destruction of evidence by defendant designed to disrupt the plaintiff's case," under Ohio law, a plaintiff must present "strong circumstantial evidence regarding the defendant's conduct." *Miller*, 2014 WL 5531654 at *3. In addition, "carelessness is insufficient to establish willfulness." *Id*. at *8.

Viewing the evidence in a light most favorable to Plaintiffs, the Court finds that they have failed to present a genuine issue of material fact that the actions of Defendant Target's employees in failing to record the footage at issue and allowing it to be overwritten constitutes the willful and intentional destruction of evidence that is required to pursue their spoliation claim. *Celotex,* 477 U.S. at 322. The testimony of Defendant Target's employees establishes that they knew that litigation could arise from the incident, they reviewed the portion of the footage showing the boy removing the dumbbell and placing it back on the upper shelf, and they did not keep or burn this footage onto disc because it was not relevant or because Defendant Target's policy required recording only 20 minutes before and 20 minutes after an incident. This evidence constitutes careless or negligence at most and does not rise to the level of showing that they intentionally and wrongfully failed to keep or record this portion of the footage in order to deprive Plaintiffs of evidence for their case.

**IV**. **CONCLUSION**

For the above reasons, the Court GRANTS Defendant's motion for summary judgment (ECF Dkt. #55) and DISMISSES WITH PREJUDICE Plaintiff's spoliation claim as set forth in the third cause of action of their amended complaint.


Dated: October 2, 2019                          /s/George J. Limbert
                                                                 GEORGE J. LIMBERT
                                                                 UNITED STATES MAGISTRATE JUDGE